MACH MANUFACTURING COMPANY, PLAINTIFF-RESPOND-
ENT, v. DANIEL DONOVAN, DEFENDANT-APPELLANT.

Submitted March 23, 1914—Decided July 10, 1914.

1. A direction of a verdict by the trial court, where there is no dis-
puted question of fact, is proper.

2. Where two contracts which the plaintiff had signed, but which
he could not prove had been executed by the defendant, and
which he, the defendant, repudiated as not binding upon him,
were offered in evidence by the defendant, not as executed con-
tracts but simply as statements signed by the plaintiff, such
papers were not evidential, and the offer of them was properly
overruled.

3. Representations as to quality, which had to do with the kind of
brick to be furnished under a contract, and which brick the
plaintiff in fact furnished, were properly excluded, because
plaintiff supplied what he contracted to do.

4. Proof that work under a contract was stopped because of trouble
with reference to material furnished, without proof what the
trouble was, does not justify the inference that it was because
of lack of quality that the work was stopped.

On appeal from the Supreme Court.

For the appellant, *Merritt Lane.*

For the respondent, *Roberson & Demarest.*

The opinion of the court was delivered by

KALISCH, J. This is an appeal from a judgment entered
upon a direction of a verdict for the plaintiff for $1,415.90.

The action was brought to recover for bricks sold by the
plaintiff to the defendant.

The defendant had a contract with the city of Bayonne to
pave certain streets and the plaintiff's brick was approved
and adopted for the work.

The original declaration filed contained the common
counts, with a bill of particulars annexed. The record does
not show that any plea was filed, but only a notice of recoup-

ment and which sets out that there was a special contract under which the brick was furnished. Thereafter the plaintiff gave the defendant notice that he would move to amend his declaration in conformity to a copy served with the notice. This he was permitted by the court to do. The amended declaration contained the common counts and also set up two written contracts which were annexed to and made part of it. The record does not show that any plea was filed to the amended declaration, but it does appear that in answer to the plaintiff's demand for a specification of defences, the defendant specified that the goods sued for were never delivered to the defendant; that the defendant did not contract the debt; that the goods were not contracted for at the prices specified and were of inferior quality and not in accordance with the terms of the contract, and hence caused loss and damage; and that there could be no recovery under the common counts.

When the case came on for trial plaintiff's counsel stated to the court that he was doubtful whether he could prove the written contracts and that if he could not, he would ask to amend by substituting the original declaration. The plaintiff, during the trial, made an effort to prove the execution of the written contracts, but failed in showing that the person who signed for defendant was authorized. It seems that the defendant had made out what purported to be two written contracts, one of them for Bayonne and the other for Westfield; that they were mailed by the defendant and signed, not by the defendant but by his son, who, being called as a witness by the plaintiff, testified that he had no authority from the defendant to sign the defendant's name to bind him to the contracts, and thereupon the plaintiff asked leave to amend and proceed under the original declaration, which was permitted, by the trial judge, against the defendant's objection.

It is now urged before us by appellant that the trial judge erred in allowing the amendments. When the plaintiff first applied to amend his declaration, by declaring, in addition to the common counts, upon the written contracts, it was

allowed over an objection made by the defendant that the court had no power to permit it.

When, during the trial, the application was made to amend the declaration by striking out the special counts and thereby to restore the declaration to its original state, it was opposed by counsel of defendant upon the ground that the plaintiff furnished their goods under a written contract.

The declaration, by the second amendment, having been restored to its original state, the question as to the power of the court to make the first amendment ceases to be of any vital importance.

It appears from the record that when the plaintiff announced that he would apply to amend his declaration counsel of defendant stated that he would not plead surprise or anything of that kind and placed his objection on the ground that the plaintiff furnished their goods under a written contract. At the time the plaintiff made the application to amend there was no evidence to that effect. The issue tried was that raised by the original declaration and the pleading by the defendant thereto and we are therefore unable to discern how the defendant was harmed or prejudiced by the procedure pursued.

It is further insisted that the trial judge erred in refusing to nonsuit the plaintiff, upon the ground urged by the appellant that there was no proof of the quantity of bricks delivered. The motion was properly denied. We think there was proof of the quantity of bricks delivered not only by the calculation made by the witness as based upon the number of yards of brick laid by the defendant at Bayonne and Westfield, but also from the undisputed fact that bills and statements for the brick were rendered by the plaintiff to the defendant, who made no objection to their accuracy and paid on account and had repeatedly promised to pay the balance, the amount sued for.

It is also urged that there was error in directing a verdict for the plaintiff. As has already been observed there was testimony that the defendant had repeatedly promised to pay the bill. This evidence stood uncontradicted. There

was no disputed question of fact to be submitted to the jury. The direction of a verdict, therefore, under the circumstances, was proper.

It is further urged that the trial judge erred in refusing to admit the two contracts, attempted to be proven by the plaintiff. They were offered in evidence by the defendant after the plaintiff had been unable to prove their execution by the defendant, and they were not offered as contracts executed by the defendant, but simply as statements signed by the plaintiff. They were undoubtedly signed by the plaintiff, but they were signed by it for the purpose of making a contract and when the defendant challenged the authority of his son to execute them on his behalf, there was no contract. Since the defendant repudiated the contracts as binding upon him, their contents were not evidential, without any proof that the parties recognized and adopted the stipulations contained therein, so that they might be bound thereby. The defendant was not entitled to use the proposed contract against the plaintiff, without himself consenting to be bound thereby. The offer was properly overruled.

The final ground urged why the judgment should be reversed is that the court erred in excluding testimony of the representations made by the plaintiff's agent as to the quality of the bricks at the time the oral contracts were made. This evidence did not relate to any representations made to the defendant for the purpose of obtaining a contract with him. It related to the efforts of the plaintiff's agent to specify his principal's bricks as those to be used, and when the city so specified, then when the defendant supplied what the contract called for, he had performed his contract, and he was not responsible for the quality of the material which the city had itself contracted that he should use. In addition to this there is no proof or offer of proof that the city in any way objected to the character of the material furnished. The defendant's son was asked whether the work was stopped because of trouble they had with reference to the bricks and his answer was, "Yes." There was no proof of what the trouble was. It may have been delay in delivery and the

mere fact that the work was stopped does not justify the inference that it was because of the quality of the bricks.

The judgment should be affirmed.

*For affirmance*—GARRISON, TRENCHARD, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, WHITE, HEPPENHEIMER, JJ. 9.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, JJ. 4.